**Ishak Emil RIAD; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70841.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 29, 2004.

---

Nashwa R. Eisner, Law Offices of Nashwa R. Eisner, Encino, CA, for Petitioners.

Regional Counsel,Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Kurt B. Larson, Jacqueline Dryden, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Ishak Emil Riad, his wife, Soheir Ibrahim Israel, and their three children, natives and citizens of Egypt, petition for review of the decision of the Board of Immigration Appeals ("BIA"), summarily affirming an immigration judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

Petitioners' contention that the BIA improperly issued a decision without opinion is foreclosed by *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir. 2004).

█ Petitioners, who are counseled on appeal, did not challenge the IJ's adverse credibility finding or the merits determination in their opening brief and thus, we do not reach these issues. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir.1996) (holding that issues which are not specifically and distinctly raised and argued in a party's opening brief are waived).

█ We grant petitioners' January 13, 2004 Motion to Supplement Petitioners' Opening Brief, and deny their motion to reconsider the denial of their motion to remand to the BIA. *See Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999) ("[w]hen an alien discovers new information after the BIA has finalized deportation proceedings, the proper procedure is for the alien to move the BIA to reopen proceedings, not to petition this Court to compel the BIA to reopen."). Although petitioners filed a motion to reopen, we lack jurisdiction to review the BIA's denial of reopening because they failed to file a separate petition for review after that order was issued. *See Stone v. INS*, 514 U.S. 386, 401, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

